# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50071
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Justin Henry Hughes,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-156-1

————————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Justin Henry Hughes appeals his conviction for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). He argues, as he did in the district court, that § 922(g)(1) violates the Second Amendment facially and as applied to him and that it also offends the Commerce Clause.

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50071

The Government has moved for summary affirmance or, in the alternative, for an extension of time to file an appellate brief. While Hughes takes no position on the Government's motion for summary affirmance, he correctly concedes that his contentions are foreclosed by circuit precedent. First, we have held that § 922(g)(1) does not violate the Second Amendment on its face. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). Second, Hughes's as-applied Second Amendment challenge fails because individuals on parole may be disarmed. *See United States v. Giglio*, 126 F.4th 1039, 1044 (5th Cir. 2025). Third, his Commerce Clause challenge is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013).

Accordingly, the Government's motion for summary affirmance is GRANTED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Its alternative motion for an extension of time to file its appellate brief is DENIED as unnecessary.

The judgment of the district court is AFFIRMED.